IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENE W. JACKSON, # 306777, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1301-N |
| | ) | ECF |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Clements Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of burglary of a habitation in the 265th District Court of Dallas County, Texas, in Cause No. F79-8188-HR. Punishment was assessed at seventy-five years imprisonment. The Fifth District Court of Appeals affirmed his conviction on direct appeal. Jackson v. State, No. 05-81-00301-CR (Tex. App. – Dallas, 1981, pet. ref'd). (Pet. at 3). On March 31, 1982, the Texas Court of Criminal Appeals refused his petition for discretionary review. Jackson v. State, PDR No. 084-

82.

Petitioner has filed two state applications for a writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure, and a motion for DNA testing in the convicting court. On August 14, 2003, Petitioner filed his first application, which was denied August 25, 2004. Ex parte Jackson, No. 58,584-02, at cover and 2. On November 11, 2004, following the denial of his motion for DNA testing, Petitioner filed the second application, which was dismissed without written order on April 20, 2005. Ex parte Jackson, No. 58,584-03, at cover and 2.

In his federal petition, filed on June 27, 2005, Petitioner alleges actual innocence as a result of the state withholding exculpatory evidence and presenting false testimony, constructive amendment of the indictment, denial of right to consult with his mother during police questioning, ineffective assistance of trial counsel, and denial of right to a speedy trial.[1]

In response to this Court's order to show cause, Respondent filed his original and supplemental answer along with the state court record. Petitioner filed a reply.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an

---

[1] For purposes of this recommendation and in light of the "mailbox rule" adopted by the Fifth Circuit in Spotville v. Cain, 149 F.3d 374, 377 (5th Cir.1998), the Court assumes the petition was placed in the prison mail system on May 31, 2005, the date on which Petitioner signed the same. However, it is difficult to believe that almost one month elapsed from the date on which Petitioner purportedly placed his petition in the prison mail and June 27, 2005, the date on which it was received and filed by this Court. Nevertheless as noted more fully below, the petition is time barred regardless of whether it is deemed "filed" as of May 31, 2005.

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Petitioner's conviction became final under § 2244(d)(1)(A) on June 29, 1982, ninety days after the Court of Criminal Appeals refused his petition for discretionary review.  See Sup. Ct. R. 13.1, 13.3; Clay v. United States, 537 U.S. 522, 528 n. 3, 123 S. Ct. 1072, 1077 n. 3, 155 L. Ed. 2d 88 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A).  Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief.  See Flanagan v. Johnson, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing United States v. Flores, 135 F.3d 1000, 1006 (5th Cir.1998).  Petitioner did not file this federal habeas petition until May 31, 2005, more than eight years after the running of the one-year grace period.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas applications were not pending in state court during the one-year grace period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired).  In fact Petitioner's state applications were filed and denied long after the expiration of the one-year grace period.  Therefore, Petitioner's federal

habeas petition is clearly untimely.

In his reply, Petitioner alleges that a state-created impediment under § 2244(d)(1)(B) prevented him from filing this federal petition within the one-year grace period. He argues the prosecutor withheld exculpatory evidence in violation of Brady that was disclosed to Petitioner for the first time on April 6, 2004, in response to his motion for DNA testing. (Pet's Reply at 3). The evidence allegedly suppressed included (1) a statement that the victim gave to the police, shortly after the assault, that the assailant attempted to rape her, and (2) the results of forensic tests conducted prior to trial, which were inconclusive in naming Petitioner as the assailant.

28 U.S.C. § 2244(d)(1)(B) provides that the one-year limitation period begins to run on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." To invoke this section, a petitioner must establish that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

There is nothing in the record to suggest that the State actively or negligently suppressed or failed to disclose the victim's statement to the police or the results of the tests conducted prior to trial, or that the statement and/or the test results contained material, exculpatory evidence in this case. Further, the State's failure to provide Petitioner with a copy of the victim's statement and the test results did not *prevent* him from filing his federal petition. Had he filed a timely petition, he could have then sought the District Court's help in obtaining the victim's statement and test results through discovery. See Davis v. Dretke, 2001 WL 2693002, *2 -3 (N.D. Tex., 2005) (citing Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.2001)); Rules Governing § 2254 Cases,

4

Rule 6.  Therefore, § 2244(d)(1)(B) is inapplicable.

Insofar as Petitioner seeks to rely on § 2244(d)(1)(D) – the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence –  he cannot demonstrate that neither he nor his attorney had knowledge of either the victim's statement or the forensic results at the time of his trial in 1980.  Petitioner's own pleadings confirm that his attorney had a copy of the victim's statement.  (Mem. in Support at 31).  Moreover, the forensic serologist at his trial, Ms. Benita Harwood, specifically testified about the test results and explained the opinion that she drew from the findings.  (SF 293-299).  Thus, even assuming the document containing the forensic results were not given to Petitioner's attorney, the information contained therein was available at trial.  Accordingly, the Court concludes § 2244(d)(1)(D) is likewise inapplicable.

Next Petitioner asserts that he is actually innocent.  To the extent Petitioner asserts his actual innocence precludes the dismissal of this § 2254 petition, his claim is meritless.  The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted.  In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period.  See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); accord Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).

Equitable tolling is available only in cases presenting "rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998).  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted

case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." Id. at 715, n. 14. Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Insofar as Movant requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); United States v. Riggs, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). In addition, Movant has not shown that he has reliable new evidence that establishes his actual innocence. See Schlup v. Delo, 513 U.S. 298, 329 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord Finley v. Johnson, 243 F.3d 215, 221 (5th Cir. 2001); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Movant merely points to a statement given by the victim to the police. In this statement the victim stated that Petitioner attempted to rape her. According to Petitioner, this statement is inconsistent with the victim's trial testimony that Petitioner had raped her. Petitioner correctly points out that attempted rape is not the same as rape. However, if Petitioner had intended to commit either, he would have been convicted of burglary of a habitation with intent to commit rape as charged in the indictment. See Ex parte Jackson, No. 58,584-03, at 44 (for copy of indictment).

Next Petitioner alleges that Ms. Harwood's testimony was inconsistent with the forensic results that he received in response to his motion for DNA testing. This claim is unsupported and conclusory at best. Ms. Harwood specifically explained the limited nature of her findings and the fact that since Petitioner was a non-secretor that he, along with 20% of the population, could have been the depositor of the semen. (SF 293-299).

Neither of the above assertions carries Petitioner's heavy burden of showing that he is actually innocent. Movant has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial. See United States v. Espinoza, 2005 WL 2291620, *3 (N.D. Tex. 2005), report & recommendation adopted by, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G). The party seeking equitable tolling has the burden to show entitlement to such tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is

warranted, such tolling does not save the instant petition.[2]

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

It is further recommended that Petitioner's motion for an evidentiary hearing (docket #17) be denied as moot.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 1st day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]     The Court further notes that Movant did not diligently pursue his rights.  See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  It appears he did nothing for at least twenty years from the refusal of his petition for discretionary review until the filing of his first art. 11.07 application.  Following the dismissal of his second state applications, he delayed for at least an additional month before submitting this petition for filing.  These delays – clearly of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.